## FRANK SUDYKA V. STATE OF NEBRASKA.

FILED JULY 1, 1932. No. 28091.

*O'Sullivan & Southard,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Irvin Stalmaster, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

PER CURIAM.

Frank Sudyka, plaintiff in error, was convicted as a common gambler, under section 28-948, Comp. St. 1929, and sentenced to a month in jail and to be further committed until he paid a fine of one dollar and the costs. The defendant had demurred to the information and the demurrer had been overruled some weeks prior to the trial. He renewed this demurrer orally at the beginning of the trial. The pleading filed by him was styled by him as a "Demurrer" and several of its numbered paragraphs consisted of the usual allegations of a demurrer in a criminal action. Another paragraph demurred "because the information is duplicitous and charges a number of offenses in one count," setting out the specifications relied on. It did not ask that the information be quashed. The trial court considered the whole plea as a demurrer and overruled it. Section 29-1811, Comp. St. 1929, provides that a demurrer or plea in bar waives all defects which may be excepted to by a motion to quash or by a plea in abatement. Moreover, it is not clear that the information is duplicitous. It was drawn well within the language of section 28-948, defining a "common gambler." It charges Sudyka with being a common gambler because he kept, exhibited, assisted and permitted others to keep and exhibit gaming tables and an establishment and devices and apparatus to win and gain money and other prop-

erty of value. These facts alleged seem to be specifications charging the defendant with the single offense of being a common gambler. The rule is thus stated in 27 C. J. 1020:

"Duplicity. The general rule that an indictment or information must not in the same count charge accused with the commission of two or more distinct and substantive offenses, and that in case it does so it is bad for duplicity, is applicable to an indictment or information charging a gaming offense. However, if the facts charged constitute but a single offense, the indictment is not duplicitous. And in accord with the general rule, where several ways are set forth in the same statute by which the offense of gaming or playing with cards or other gambling devices may be committed, or by means of which the offense of keeping a gaming house or permitting gaming at a certain house may be committed, and all are embraced in the same general definition and made punishable in the same manner, a count which charges them conjunctively is not open to the objection of duplicity."

The judgment of the district court is

AFFIRMED.